UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-186-MOC

| DESIGN GAPS, INC., et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| JOCELYN HALL, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendants' motion for attorneys' fees. (Doc. No. 44). Plaintiffs oppose Defendants' motion. (Doc. No. 48). The Court will decline to award attorneys' fees in this matter.

## I. Background

This section focuses on the procedural history relevant to the pending motion for attorneys' fees. A more comprehensive statement of the facts is found in the Court's order granting Defendants' motions to dismiss. (Doc. No. 41).

After resigning from her position at Plaintiff Design Gaps,[1] Defendant Jocelyn Hall found work with her former employer's competitor, Defendant Peters Custom Homes. Plaintiffs sued the Peters Defendants[2] for Misappropriation of Trade Secrets under North Carolina Trade

---

[1] Eva Glover and David Glover, as officers of Design Gaps, Inc., are also plaintiffs in this action.
[2] The "Peters Defendants" include Peters Custom Homes, Inc., Nicholas Peters, Miriam Peters, and Peters Custom Design, LLC. The "Hall Defendants" include Jocelyn Hall and Hall Interiors, LLC.

1

Secrets Protection Act, N.C. GEN. STAT. § 66-152 et seq.; False Advertising under the federal Lanham Act, 15 U.S.C. § 1125 et seq.; False Designation of Origin under the Lanham Act; Tortious Interference with Contract; and Unfair and Deceptive Trade Practices ("UDTPA") under N.C. GEN. STAT. § 75-1.1 et seq. (Doc. No. 1). The Hall and Peters Defendants each moved to dismiss Plaintiffs' complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6). (Doc. Nos. 16, 18). These motions were mooted after Plaintiffs amended their complaint. (Doc. No. 40). Plaintiffs' Amended Complaint raised the same causes of action against the Peters Defendants and added a second Misappropriation of Trade Secrets Claim arising under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq. (Doc. No. 22). The Hall and Peters Defendants again moved to dismiss. (Doc. Nos. 29, 31).

In their second motions to dismiss, Defendants argued that Plaintiffs' Lanham Act claims were preempted by the Copyright Act. The Court agreed, and so dismissed Plaintiffs' Lanham Act claims. (Doc. No. 41). Next, Defendants argued that Plaintiffs' complaint failed to adequately plead trade secret misappropriation under the DTSA. The Court found that Plaintiffs failed to define the trade secrets at issue in sufficient detail to put Defendants on notice, thus rendering Plaintiffs' allegations vague and conclusory. Moreover, the Court concluded that Plaintiffs had already publicly disclosed the "secrets" in question, thereby extinguishing any DTSA claim. For those two reasons, the Court granted Defendants' motion to dismiss as to Plaintiffs' DTSA claims. (Id.).

Having dismissed Plaintiffs' federal claims, and lacking grounds for diversity jurisdiction, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. (Doc. No. 41) (citing 28 U.S.C. § 1367(c)). Plaintiffs' remaining claims against both Defendants were dismissed, (Doc. No. 41), and judgment entered by the Clerk. (Doc. No. 42).

2

Following this Court's dismissal of Plaintiffs' claims, the Peters Defendants now move for an award of attorneys' fees. (Doc. No. 44). Plaintiffs oppose Defendants' motion. This matter has been fully briefed and is ripe for disposition.

**II.     Legal Standard**

Defendants move for attorneys' fees under the Lanham Act and DTSA. Each statute has its own standard for an award of attorneys' fees. Neither statute <u>requires</u> the court to award fees, but instead vests the Court with <u>discretion</u> to award fees if the statutory criteria are met. See 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees . . . ."); 18 U.S.C. § 1836(b)(3)(D) ("a court may . . . award reasonable attorney's fees . . . ."). Even where a fee award is authorized by statute, the Court may in its discretion decline to order such award.

For a fee award to be authorized under the Lanham Act, the Court must first find that the case is "exceptional." <u>Verisign, Inc. v. XYZ.COM LLC</u>, 891 F.3d 481, 483 (4th Cir. 2018). "There is no 'precise rule or formula for' determining whether a case is 'exceptional,'" but the Fourth Circuit has articulated a series of circumstances justifying such a finding. <u>Citi Trends, Inc. v. Coach, Inc.</u>, 780 F. App'x 74, 80 (4th Cir. 2019). A case may be exceptional where "(1) there is an unusual discrepancy in the merits of the positions taken by the parties, . . . ; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence." <u>Georgia-Pac. Consumer Prod. LP v. von Drehle Corp.</u>, 781 F.3d 710, 721 (4th Cir. 2015), as amended.

For fee shifting to be authorized under the DTSA, the Court must find that a claim of trade secret misappropriation was made in "bad faith." 18 U.S.C. § 1836 (b)(3)(D). Where a DTSA claim has "at least some chance of success," it is not clear error for a district court to

3

conclude that it was not made in bad faith. Akira Techs., Inc. v. Conceptant, Inc., 773 Fed. Appx. 122, 126 (4th Cir. 2019).

If either the Lanham Act or DTSA criteria are satisfied, and the Court finds in its discretion that a fee award is justified, the Court must ensure that the amount of the fee award is reasonable. The Fourth Circuit uses the lodestar method to assess attorneys' fee awards. See Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d 590–91 (W.D.N.C. 2010). According to the lodestar method, the Court determines a reasonable number of hours dedicated to the matter, then multiplies by a reasonable hourly fee. Irwin Indus., 747 F. Supp. 2d at 591. The Fourth Circuit has articulated twelve factors to guide courts' assessments of reasonable hours and rates. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009). The Court need not apply all 12 factors, and the most critical factor is "the degree of success obtained" by Plaintiff's counsel. E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir.1990); Doe v. Chao, 435 F.3d 492, 506 (4th Cir. 2006).

The party seeking attorneys' fees bears the burden to show that an award is statutorily authorized and that the fees requested are reasonable. Driskell v. Summit Contracting Grp., Inc., No. 3:16-CV-819-FDW-DCK, 2021 WL 3044156, at *2–3 (W.D.N.C. July 19, 2021).

**III.    Analysis**

    **a. Lanham Act**

To determine whether this case is "exceptional" and thus warrants a discretionary fee award under the Lanham Act, the Court assesses whether (1) there was an "unusual discrepancy" between the merits of the parties' positions, (2) Plaintiffs litigated the case unreasonably, and (3) an award would advance considerations of compensation or deterrence. Georgia-Pac. Consumer Prod. LP, 781 F.3d at 721. Each of these disjunctive prongs is independently sufficient to justify

4

a finding that the case is "exceptional" under the Lanham Act.

The Court dismissed Plaintiffs' Lanham Act claims as preempted by the Copyright Act. (Doc. No. 41). The Peters Defendants argue that Plaintiffs' assertion of preempted claims constitutes an "unusual discrepancy" between the parties' positions. (Doc. No. 46 at 5). Such discrepancy is especially stark, the Peters Defendants contend, because Plaintiffs had notice of the preemption defense but failed to address it in Plaintiff's Amended Complaint. (Id. at 6). Defendants also contend that Plaintiffs' failure to sufficiently define trade secrets—which led the Court to dismiss Plaintiffs' DTSA claim—further establishes the discrepancy between the merits of the parties' positions. (Id. at 7). Analogizing to an out-of-circuit district court opinion, Defendants argue that this discrepancy is "extraordinary" and justifies an award of attorneys' fees because Plaintiffs failed to "establish the elements of its claim" and "unnecessarily prolonged litigation." (Id.) (citing Home Show Tours, Inc. v. Quad City Virtual, Inc., 840 F. Supp. 2d 1150, 1153 (S.D. Iowa 2012)).

Defendants' arguments fall short. First, Plaintiffs did not fail to establish the elements of their Lanham Act Claim. Instead, they failed to address Defendants' preemption defense. And even if Plaintiffs' Amended Complaint did fail to establish the elements of any claim, that amendment came less than three months after Plaintiffs' Original Complaint. That hardly constitutes an "extraordinary" litigation delay. The Court finds that the discrepancy between the merits of the parties' positions—albeit substantial—was not "unusual."

Next, Defendants claim that this case is exceptional because of Plaintiffs' unreasonable litigation strategy. (Doc. No. 46 at 7). Defendants turn again to similarities between Plaintiffs' Original and Amended complaint to support this claim, asserting that Plaintiffs unnecessarily prolonged a "fundamentally flawed case." (Id.). But none of the out-of-circuit decisions cited by

5

Defendant support the proposition that merely filing a defective Amended Complaint was unreasonable. (Id. at 8–9) (citing Home Show Tours, 840 F. Supp. 2d at 1155; J & J Snack Foods, Corp. v. Earthgrains Co., No. 00–6230(JBS), 2003 WL 21051711, at *3–6 (D.N.J. May 9, 2003); Mennen Co. v. Gillette Co., 565 F. Supp. 648, 657 (S.D.N.Y. 1983), aff'd, 742 F.2d 1437 (2d Cir.1984); Marilyn Miglin Model Makeup, Inc. v. Jovan, Inc., No. 81 C 3233, 1984 WL 63128, at *3 (N.D. Ill. Dec. 7, 1984). Requiring Defendants to "critically study" the Amended Complaint (which Defendants admit was substantially similar to the Original Complaint) and file another motion to dismiss (which Defendant's admit was substantially similar to their original motion to dismiss) does not rise to the level of unreasonable litigation strategy. Likewise, Plaintiff reasonably refused to accept Defendants' settlement offer, which would have required Plaintiffs to, inter alia, forgo refiling state court claims against the Peters Defendants. The Court declines to find that Plaintiff litigated this case unreasonably.

Finally, Defendants contend that deterrence considerations justify a fee award in this case. Defendants argue that Plaintiffs are attempting to pursue Copyright Act claims under the guise of the Lanham Act, and that the Court should impose a fee award to deter Plaintiffs from using that strategy in the future. (Doc. No. 46 at 10). But Defendants acknowledge that Plaintiffs have brought Copyright Act claims in lieu of Lanham Act claims in other cases. (Id. at 9–10) (citing Design Gaps, Inc. et al. v. Distinctive Design & Constr. LLC, Case No. 2:23-cv-197-RMG (D.S.C. 2023); Design Gaps, Inc. et al. v. Shelter, LLC et al., No. 2:22-cv04698-RMG (D.S.C. 2022). Thus, there is no evidence that Plaintiffs have adopted a consistent strategy of disguising Copyright claims as Lanham Act claims. Defendants further contend that deterrence is justified by Plaintiffs' lack of success in other Copyright Act claims. But the Court is not convinced that Plaintiffs' poor record in Copyright Act actions is sufficient to justify a deterrent

6

fee award.

The Court finds that this case is not "exceptional."[3] Therefore, the Court will not enter a fee award as to Plaintiffs' Lanham Act claims.

### b. Defend Trade Secrets Act

The DTSA authorizes courts to make discretionary fee awards where a claim of trade secret misappropriation was made in "bad faith." 18 U.S.C. § 1836 (b)(3)(D). Only one Fourth Circuit case has discussed the DTSA's "bad faith" requirement. In that unpublished opinion, the Circuit held that it was not clear error for a trial court to conclude that a DTSA with "at least some chance of success" was not made in bad faith. Akira Techs., Inc. v. Conceptant, Inc., 773 Fed. Appx. 122, 126 (4th Cir. 2019). Defendants contend that, in applying the DTSA's bad faith standard, the Court should look to North Carolina's Trade Secret Protection Act (NCTSPA). (Doc. No. 46 at 13); N.C. GEN. STAT. § 66-154(d). Under the NCTSPA, prevailing defendants may be entitled to attorneys' fees if the Plaintiff brings "especially meritless" trade secret misappropriation claims. Furniture Distributors, Inc. v. Software Support-PMW, Inc., No. 3:12-CV-90-GCM, 2014 WL 421913, at *2 (W.D.N.C. Feb. 4, 2014). Defendants argue that the "chance of success" and "especially meritless" criteria are comparable. (Doc. No. 46 at 14).

---

[3] Defendants argue that even if this case is not "exceptional," the Court can still award fees in its discretion according to the Copyright Act's fee-shifting analysis. (Doc. No. 46 at 11–12). True, "[n]o finding of 'exceptional case" is required under the Copyright Act analysis. (Id. at 11). But Plaintiffs did not bring Copyright Act claims—they brought Lanham Act claims. Defendant cites no authority for its argument that the Court should treat Plaintiffs' Lanham Act claims as Copyright Act claims. Indeed, Plaintiffs themselves recognized that the Copyright Act afforded them no relief in this case. (Doc. No. 38 at 6). Even if the Copyright Act analysis did apply, the Court would exercise its discretion to deny a fee award in this case. For the reasons articulated above, Plaintiffs' position was not totally unreasonable, and a deterrent award was not justified. What's more, there is no evidence that Plaintiffs' motives were suspect. See Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1994); EMI Apr. Music Inc. v. Rodriguez, 691 F. Supp. 2d 632, 637 (M.D.N.C. 2010).

7

On review of the pleadings, it is difficult to conclude that Plaintiffs' DTSA claims had any chance of success on the merits. Plaintiffs failed to identify any legally intelligible trade secrets. (Doc. No. 41 at 16–19). Even if Plaintiff had identified intelligible trade secrets, Plaintiff plainly failed to protect the confidentiality of those "secrets" thereby extinguishing its potential DTSA claim. (Id. at 19–20). Thus, it would not be clear error for the Court to conclude that the bad faith element of the DTSA fee shifting analysis is satisfied under Akira.

But the Fourth Circuit's unpublished opinion in Akira hardly compels a finding of bad faith in this case. Just because the Court could find bad faith doesn't mean it must, or even should. Black's Law Dictionary defines "bad faith" as "[d]ishonesty of belief, purpose, or motive." BAD FAITH, Black's Law Dictionary (11th ed. 2019). True, Plaintiffs brought a transparently flawed DTSA claim. But Defendants offer no evidence that Plaintiffs brought their DTSA claim with dishonest belief, purpose, or motive.

Because the Court finds that Plaintiff did not act with bad faith, the Court will not award attorneys' fees with respect to Plaintiffs' DTSA claims.

    c. **The Court's Discretion**

Even where the statutory factors permit the Court to award attorneys' fees, the decision to do so remains within the Court's discretion. The Court may—not must—award fees where the Lanham Act and DTSA criteria are met. Even if those criteria were satisfied, the Court in its discretion would decline to award fees in this case. Here, there is no evidence that Plaintiffs behaved in bad faith, or that their litigation conduct requires punishment or deterrence. Instead, Plaintiffs merely raised tenuous Lanham Act and DTSA claims to try to keep this case in federal court. Though perhaps inadvisable, Plaintiffs' strategy was hardly unreasonable. Lacking a showing of improper purpose or bad faith, and considering that Plaintiffs' amended complaint

8

was dismissed on the pleadings, the Court in its discretion declines to award attorneys' fees in this matter.

Because the Court will deny Plaintiffs' motion for attorneys' fees, the Court need not apply the <u>Robinson</u> factors to determine whether an award is "reasonable" according to the lodestar method.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants' motion to attorneys' fees (Doc. No. 44) is **DENIED**.

Max O. Cogburn Jr
United States District Judge

Signed: January 17, 2024